IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| PAMELA MEACHUM, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | CASE NO. 1:05-cv-319-F |
| ) | WO |
| STATE FARM FIRE & CASUALTY ) | |
| COMPANY, ) | |
| ) | |
| Defendant. ) | |

# **ORDER**

Upon consideration of the plaintiff's Motion for Abstention and Motion to Remand filed on April 19, 2005 which was accompanied by the affidavit of Pamela Meachum[1] (Doc. # 6), and the Consent to Remand filed by the defendant (Doc. # 7), it is hereby

---

[1] It is clearly established in this circuit that the district court may "consider post-removal evidence" in determining the propriety of removal. *Sierminski v. Transouth Fin. Corp.*, 216 F.3d 945, 949 (11th Cir. 2000). However, "'the jurisdictional facts that support removal must be judged ***at the time of the removal***, and any post petition affidavits are allowable ***only if relevant to that period of time***.'" *Id.* (quoting *Allen v R&H Oil Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995) (emphasis added)). Under *Sierminski*, affidavits filed by plaintiffs in cases may be considered in determining jurisdiction to the extent that they clarify the Complaint by identifying that the amount in controversy was not in excess of $75,000 at the time the case was removed and will not be in excess of $75,000 in the future. *See Moss v. Voyager Ins. Cos.*, 43 F. Supp. 2d 1298, 1303-1304 (M.D. Ala. 1999) (because plaintiff had "submitted a binding Stipulation in which she promised to neither seek nor accept damages in excess of $75,000," the defendants failed to prove by a preponderance of the evidence that damages would exceed $75,000.). Such affidavits should establish that, at the time the complaint was filed, plaintiffs did not seek more than the jurisdictional amount and that plaintiffs will not accept a jury award for more than the jurisdictional amount. The court notes that, although not required, some plaintiffs even agree in their affidavits to an irrevocable cap on damages of $74,999, exclusive of interest and costs. In the case *subjudice*, the affidavit submitted by plaintiff Pamela Meachum satisfies these requirements. (*See* Doc. # 6).

ORDERED that the motion to remand (Doc. # 6) is GRANTED and the motion for abstention is DENIED. Accordingly, the above-styled lawsuit is hereby REMANDED to the Circuit Court of Geneva County, Alabama.

The Clerk of the Court is DIRECTED to take the necessary steps to effectuate the remand of this case to the Circuit Court of Geneva County, Alabama.

DONE this 26th day of April, 2005.

/s/ Mark E. Fuller
CHIEF UNITED STATES DISTRICT JUDGE